IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| **HANWHA CORPORATION,**<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>**HEARTLAND MACHINE & ENGINEERING, LLC,**<br><br>　　　　　　　　　　Defendant. | No.: 22-cv-01475-MPB-MG |
| **HANWHA CORPORATION,**<br><br>　　　　　　　　　　Plaintiff,<br><br>vs.<br><br>**HEARTLAND MACHINE & ENGINEERING, LLC, KENT INTERNATINAL USA INC., MANUFACTURES CAPITAL, TOM GOIN,**<br><br>　　　　　　　　　　Defendants. | No.: 22-cv-01477-MPB-MG |

**RESPONSE OF PLAINTIFF HANWHA CORPORATION TO THE OBJECTION OF DEFENDANT HEARTLAND MACHINE & ENGINEERING, LLC TO THE MAGISTRATE ORDER DATED JULY 24, 2023 (Dkt. 54)**

Plaintiff Hanwha Corporation ("Plaintiff"), by and through its counsel, hereby files this Response to the Objection of Defendant Heartland Machine & Engineering, LLC ("Defendant") to the Magistrate Judge's Order, dated July 24, 2023 (Dkt. 54) (the "Order"). In support, Plaintiff states as follows:

191983_16

## INTRODUCTION

Through the Order, the Magistrate Judge granted "Plaintiff's request that the deposition of its Fed. R. Civ. P. 30(b)(6) representative(s) and employee witnesses take place via remote means." Dkt. 54. In support of its findings, the Magistrate Judge noted "[c]ourts have long held that leave to take remote depositions pursuant to Rule 30(b)(4) should be granted liberally." In re Broiler Chicken Antitrust Litig., 2020 WL 3469166, at *7 (N.D. Ill. 2020). On August 5, 2023, Defendant filed an objection to the Order ("Objection"); however, Defendant fails to show that the Order is "clearly erroneous" or "contrary to law" as it is required to do. Anton Realty LLC v. Guardian Brokers Ltd., Case No. 13-cv-01915, 2015 WL 2227796, at *2 (S.D. Ind. May 12, 2015) (citing Domanus v. Lewicki, 742 F.3d 290, 295 (7th Cir.2014); Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). Indeed, some of Defendant's arguments in the Objection have no basis in law. As Defendant has failed to meet its burden, the Objection fails, and the Magistrate Judge was well within his authority to allow remote depositions. We respectfully request the court overrule Defendant's Objection and allow the depositions of Plaintiff's representatives to continue in accordance with the Order.

## RESPONSE TO DEFENDANT'S OBJECTION

### A. *Applicable Standard*

Parties are permitted to file objections to the Magistrate Judge's orders, but those objections will only be sustained if the Court determines that the Magistrate Judge's decision is "clearly erroneous" or "contrary to law." Anton Realty LLC, 2015 WL 2227796, at *2 (citing Domanus v. Lewicki, 742 F.3d 290, 295 (7th Cir.2014)); Fed.R.Civ.P. 72(a); 28 U.S.C. § 636(b)(1)(A). The court must review the Magistrate Judge's Order for clear error because it is nondispositive. Gilbert-Mitchell v. Lappin, Case No. 06-cv-0741, 2010 WL 118397 (S.D. Ill.

Jan. 8, 2010); see also Fed.R.Civ.P. 72 (instructing district judges to review dispositive magistrate decisions de novo and to review nondispositive magistrate decisions for clear error). When ruling on an objection, the "Court essentially functions as an appellate court applying a highly deferential standard of review." Anton Realty LLC, 2015 WL 2227796, at *3. Although no deference is afforded to the Magistrate Judge's resolution of legal questions, the Magistrate Judge's resolution of factual questions will only be disturbed if clearly erroneous, which is an especially difficult showing to make. S. Industries, Inc. v. Centra 2000, Inc., 249 F.3d 625, 627 (7th Cir.2001 ) (stating that a decision is only clearly erroneous if "it strikes us as wrong with the force of a 5 week old, unrefrigerated, dead fish"); Weeks v. Samsung Heavy Industries Co., Ltd., 126 F.3d 926, 943 (7th Cir.1997 ) ("The clear error standard means that the district court can overturn the magistrate judge's ruling only if [it] is left with the definite and firm conviction that a mistake has been made.").

### B. *Defendant Fails to Show the Order is Clearly Erroneous or Contrary to Law.*

As stated above, Defendant must show the Order is "clearly erroneous" or "contrary to law" for this court to overturn the Order. Simply, Defendant has failed to do so here. While in the Objection Defendant provides several reasons it **desires** to proceed with in-person depositions (Dkt. 55), Defendant does not provide any legal basis for overturning the Order and has not shown Defendant will be unduly prejudiced by taking depositions by remote means[1].

Notably, it is left to the court's broad discretion over discovery to determine whether there is a legitimate reason to take a deposition by telephone or other remote means under all the facts and circumstances of a given case. In re Broiler Chicken Antitrust Litig., 2020 WL 3469166, at * 7; see also Roberts v. Homelite Div. of Textron, Inc., 109 F.R.D. 664, 666 (N.D.

---

[1] We note that while Defendant cites to several actions involving remote depositions of foreign deponents; it did not cite to a single action before this Court or within the 7th Circuit involving a District Judge overruling a Magistrate decision on remote depositions on a R. 72 appeal. Dkt. 55 at pp. 3-7.

Ind. 1983) ("Neither the rule itself nor the notes of the Advisory Committee list the criteria which the trial court should use in exercising its discretion under Rule 30(b)(4) ... the better reasoned view gives the trial court the same discretion which it enjoys in resolving all other discovery disputes."). The decision whether to allow a remote deposition essentially involves a careful weighing of the reasons put forth by the proponent of the remote deposition and the claims of prejudice and hardship advanced by the party opposing the deposition. Learning Resources, Inc., v. Playgo Toys Enterprises Ltd., Case No. 19-cv-00660, 2020 WL 3250723, at *3-4 (N.D. Ill. June 16, 2020); Usov v. Lazar, Case No. 13-cv-818, 2015 WL 5052497, at *2 (S.D. N.Y. Aug. 22, 2015). Here, the parties submitted their discovery disputes to the Magistrate Judge who conducted a telephonic conference and then came to a determination based upon the facts of the case and the arguments presented by the parties.

Initially, health concerns created by the COVID-19 pandemic can be a legitimate reason to take a deposition by remote means. Mosiman v. C&E Excavating, Inc., Case No. 19-cv-00451, 2021 WL 1100597 (N.D. Ind. Mar. 23, 2021); see also Valdivia v. Menard Inc., Case No. 19-cv-50336, 2020 WL 4336060, at *1 (N.D. Ill. July 28, 2020). "[T]he hardship that would be caused to [witness(es) and ... counsel] by an in-person deposition is obvious." Grupo Petrotemex, S.A. de C.V. v. Polymetrix AG, No. 16-CV-2401 (SRN/HB), 2020 WL 4218804, at *2 (D. Minn. July 23, 2020). Recent surges and new variants have influenced the Plaintiff's decision to seek to conduct depositions remotely as the travel from South Korea to Indiana could result in exposure to illness. https://www.cnn.com/2023/08/09/health/covid-variant-eg5/index.html; https://covid.cdc.gov/covid-data-tracker/#variant-proportions.

Again, while Defendant sets forth several reasons it wishes to conduct the depositions in person, none of the reasons provided by Defendant warrant overturning the Order or show any

undue prejudice to Defendant. We address each of Defendant's points below:

1. **Point 1:** Defendant asserts this is a document intensive case and it has been "[Defendant]'s counsel's experience that, in document intensive cases, remote video depositions are difficult and do not adequately allow the examiner to create a quality, clear record."

As the Magistrate Judge noted in the Order, there are "limited issues involved in these cases." Dkt. 54. Plaintiff is simply seeking to enforce foreign money judgment Plaintiff obtained against Defendant in a South Korean court to which Defendant has acknowledged was entered and properly served on Defendant under the terms of a related a forbearance agreement between the parties. While Plaintiff disagrees with Defendant's assertion that this is a "document intensive case[,]" the number of documents that may be presented during a deposition is not grounds to not allow remote depositions. Tellingly, "'courts have found that exhibits can be managed in remote depositions by sending Bates-stamped exhibits to deponents prior to the depositions or using modern videoconference technology to share documents and images quickly and conveniently.' " Grupo Petrotemex S.A. de CV, 2020 WL 4218804, at *3 (citing Rouviere v. DePuy Orthopaedics, Inc., 471 F. Supp. 3d 571, 575 (S.D.N.Y. 2020) (quoting United States for Use & Benefit of Chen v. K.O.O. Constr., Inc., 106 Fed. R. Serv. 3d 1383, 2020 WL 2631444, at *2 (S.D. Cal. 2020)). Indeed, there are many resources available to counsel through vendors who can assist counsel in preparing for remote depositions, including the organization and transmission of documents. Grupo Petrotemex S.A. de CV, 2020 WL 4218804, at *3; see also Grano v. Sodexo Mgmt., Inc., No. 18-CV-01818 (GPC) (BLM), 2020 WL 1975057, at *3 (S.D. Cal. Apr. 24, 2020) ("There are numerous resources and training opportunities available throughout the legal community to assist counsel in the operation and utilization of the new technology."). Although Defendant's counsel has not indicated what they consider to be "document intensive[,'" courts have held that exhibits exceeding 400 pages "is not huge."

Mosiman, 2021 WL 1100597, at * 2 (stating that "the number of documents planned for use in this deposition (432) is not huge"); see also Helmsetter v. JPMorgan Chase Bank, N.A., No. 2:19-CV-2532-KHV-TJJ, 2021 WL 949330, at *8 (D. Kan. Mar. 13, 2021) (noting that 589 documents "is not huge").

2. **Point 2**: Plaintiff's representatives all require interpreters and Defendant's "trusted interpreters are local and there is a heightened risk of inaccurate interpretation over video transmission, due to background noises and distortions in the remote transmission."

While Defendant speculates there is a "heightened risk of inaccurate interpretation" during remote depositions, Defendant fails to offer any cases or authority that support this point of view. Notably, in Valdivia, the court noted that it had observed "interpreters … that are capable of proceeding effectively through remote means" finding that the need for interpreters during a deposition by video did not prejudice the deposing party. Valdivia, 2020 WL 433606, at *2. Additionally, given the ongoing COVID concerns, Plaintiff's representatives will more likely desire to wear masks if required to appear for in-person depositions, which could potentially impact an interpreter accurately hear and interpret the deponent. Thus, conducting depositions by videoconference may allow Defendant's "trusted [local] interpreters" to more clearly understand the deponent without the need for a face mask.

3. **Point 3**: Defendant contends "these depositions are the only opportunity for [Defendant] and its counsel to assess the witnesses' credibility."

Defendant opines that conducting the depositions by Zoom "mask[s] non-verbal cues, real-time interaction, and counsel's critical assessment of witness credibility." Dkt. 55 at p. 4. However, contrary to Defendant's position, Zoom, in fact, provides the deposing party with a clear view of the deponent's face and upper body, allowing counsel to assess nonverbal cues and responses. Notably, Defendant's assertion that a remote deposition will hinder its ability to assess a deponent's credibility has been soundly rejected by various courts. Patterson Dental

6

191983_16

Supply, Inc. v. Pace, Case No. 19-cv-1940, 2020 WL 10223626 (D. Minn. Nov. 5, 2020) (citing Learning Res., Inc., 335 F.R.D. at 539). Indeed, the courts consistently find that remote depositions by videoconference do not present an impediment to assessing witness credibility. Rap Indy LLC v. Zurich American Insurance Company, Case No. 19-cv-04657, 2020 WL 9720367 (S.D. Ind. July 17, 2020) (citing Joffe v. King & Spalding LLP, 2020 WL 3432871, at *3 (S.D.N.Y. June 23, 2020) (noting that "[p]laintiff does not identify a single case endorsing his view that depositions by videoconference present an impediment to assessing witness credibility. This is unsurprising, because courts have *repeatedly* rejected this argument, both before and during the current pandemic.")) (emphasis in original).

Fundamentally, remote depositions are a presumptively valid means of discovery even without the in-person interaction, and many courts have held that remote videoconference depositions offer the deposing party a "sufficient opportunity to evaluate a deponent's nonverbal responses, demeanor, and overall credibility." Mosiman, 2021 WL 1100597, at * 3 (citing Pursley v. City of Rockford, No. 18-cv-50040, 2020 WL 6149578, at *2 (N.D. Ill. Oct. 20, 2020 (quoting Learning Res., Inc., 335 F.R.D. at 539). When addressing the argument that a remote deposition limits counsel's ability to evaluate credibility, courts have found that, "[i]f the lack of being physically present with the witness were enough prejudice to defeat the holding of a remote deposition, then Rule 30(b)(4) would be rendered meaningless." Grupo Petrotemex, 2020 WL 4218804, at *3 (citing Roberts Smalls Inc. v. Hamilton, Case No. 09-cv-07171, 2010 WL 2541177, at *4 (S.D.N.Y. June 10, 2010)).

Notably, in this case, Defendant's ability to evaluate the deponent's credibility will likely be greater in a deposition by remote means as the deponents will wear masks during an in-person

deposition to avoid exposure to or spreading of COVID-19. In this instance, conducting remote depositions will provide counsel with a better opportunity to make such assessments.

4. **Point 4**: Defendant alleges "[i]n person depositions are the only way to ensure that the witness is not receiving non-verbal cues and direction from other persons in the room."

Plaintiff notes this point is merely Defendant's opinion and is an issue that is easily resolved. Defendant may select the vendor and location where the deponent must appear for the deposition, and Defendant may instruct its vendor to ensure no other persons are in the room with the deponent. Defendant may also ask the deponent while under oath whether anyone else is in the room during the deposition. Additionally, Plaintiff's counsel also intends to appear for the depositions by Zoom and will not be in the room with the deponent. As such, there will be no way for Plaintiff's counsel to provide nonverbal cues or direction to the witness without counsel for Defendant's knowledge. Simply, Defendant is attempting to create an issue where there is none.

5. **Point 5**: Defendant alleges it "should be allowed the opportunity to develop the record in a way that works for the [Defendant] – not as dictated by [Plaintiff]."

Similar to Defendant's position in Point 4, Defendant is merely stating its opinion since there is nothing inherent with remote depositions that prevents Defendant from "develop[ing] the record in a way that works for the [Defendant]." Subject to any applicable discovery rules and orders, Defendant can ask questions to the deponent that it desires, and Defendant can ask follow-up questions to the deponent based upon the deponent's responses. As stated above, Defendant can also present any exhibits or documents that it desires to use. There are no issues presented in the Order that restricts Defendant's "opportunity to develop the record in a way that works for the [Defendant.]" In sum, Defendant is simply stating its opinions with the Order. As

a matter of law, Defendant fails to provide any support or basis as to why Defendant's disappointment should be a factor in determining whether the Magistrate Judge properly granted Plaintiff's request to conduct depositions by remote means.

## CONCLUSION

Based upon the foregoing, Plaintiff respectfully requests this Court overrule Defendant's Objection and allow the depositions to proceed in accordance with the Order.

Dated: August 18, 2023

                                        Respectfully submitted,
                                        **CHOI & PARK, LLC**
                                        Attorneys for Plaintiff,
                                        Hanwha Corporation

                                        /s/ Hyun Suk Choi

                                        Hyun Suk Choi, Esq.
                                        (Admitted Pro Hac Vice)
                                        23 S. Warren St. 2nd Floor
                                        Trenton, New Jersey 08502
                                        Telephone. (609) 396-2800 (Ext.1)
                                        Fax. (609) 396.2801
                                        Email: hchoi@choiandpark.com

191983_16

## CERTIFICATE OF SERVICE

      I certify that I caused a true and correct copy of the foregoing Response of Plaintiff Hanwha Corporation to the Objection of Defendant Heartland Machine & Engineering, LLC to the Magistrate Order Dated 07/24/23 (Dkt. 54) to be filed electronically in the United States District Court for the Southern District of Indiana on August 18, 2023. Notice and a copy of this filing will be served on all counsel of record by operation of the Court's CM/ECF electronic filing system.

                                                                 /s/ Hyun Suk Choi

                                                                  _____

                                                                  Hyun Suk Choi, Esq.