UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| HANWHA CORPORATION, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:22-cv-01475-JPH-MG |
| | ) |
| HEARTLAND MACHINE & ENGINEERING, LLC, | ) |
| | ) |
| Defendant. | ) |
| | ) |
| HEARTLAND MACHINE & ENGINEERING, LLC, | ) |
| | ) |
| Counter Claimant, | ) |
| | ) |
| v. | ) |
| | ) |
| HANWHA CORPORATION, | ) |
| | ) |
| Counter Defendant. | ) |

**ORDER**

This matter comes upon the Parties' respective briefing on Defendant's Motion to Compel, [58], and Plaintiff's Cross-Motion for Protective Order, [62]. For the below reasons, the Court **GRANTS in part and DENIES in part** Defendant's Motion to Compel and **DENIES** Plaintiff's Cross Motion for Protective Order.

1

# I.
## BACKGROUND

Plaintiff Hanwha Corporation seeks to enforce and collect the remaining balance of a foreign judgment obtained against Defendant Heartland Machine & Engineering.[1] [Filing No. 1, Filing No. 8.] Heartland has filed a counterclaim alleging that the South Korean judgment should not be recognized, that the interest accrued violates public policy, and that Hanwha cannot bring an action in the Southern District because Hanwha failed to register to do business in the State of Indiana. [Filing No. 16.] The parties engaged in discovery during the summer of 2023. The instant dispute began when Heartland received Hanwha's responses to its set of interrogatories and requests for production. [Filing No. 58 at 1-2.] Heartland objected to the discovery responses, and between August 1, 2023, and August 25, 2023, the parties exchanged six meet and confer letters. [Filing No. 58 at 2.] Hanwa supplemented some of its responses, but many alleged deficiencies remained. [Filing No. 58 at 2.]

Heartland subsequently filed the instant motion to compel, arguing that Hanwha responded to its interrogatories and requests for production with inappropriate boilerplate objections. [Filing No. 58.] Hanwa filed a cross-motion for protective order, [Filing No. 62], arguing Heartland seeks burdensome discovery which is irrelevant to the enforcement action. Heartland's response to the cross-motion argues that "[n]ot only does Heartland seek relevant information, but Hanwha's arguments are procedurally improper and should have been raised in response to Heartland's discovery requests, and not for the first time in response to a motion to compel." [Filing No. 69 at 2.] In its final briefing, [Filing No. 70], Hanwha argues it didn't waive its right to object to any of

---

[1] The judgment was obtained in the Seoul Central District Court. [Filing No. 1 at 2.] The amount was later reduced and set to a payment schedule in a forbearance agreement. [Filing No. 1 at 2-3.]

the requests, and doubles down on its main argument: the disputed discovery requests seek burdensome information unrelated to the alleged breach of the forbearance agreement.

Heartland asks the Court to find Hanwha waived its objections, and, if not, to overrule Hanwha's objections and compel it to answer—fully and completely—Heartland's Interrogatories Nos. 3, 4-8, 9-12, 14, 16, 20-21 and Requests for Production Nos. 1-6, and 13-15.

## II.
### LEGAL STANDARD

Federal Rule of Civil Procedure 26(b)(1) sets the standard for the scope of general discovery, providing that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 34, which governs document requests, specifies that the requesting party may seek documents "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a)(1). Under the rule governing interrogatories, responding party must answer interrogatories with "information available to the party." Fed. R. Civ. P. 33(b)(1)(B)

A party moving to compel production carries the initial burden of establishing that the requested documents are relevant. *West v. Miller*, 2006 WL 2349988, at *2 (N.D. Ill. Aug. 11, 2006) (citing *United States v. Farley*, 11 F.3d 1385, 1390 (7th Cir. 1993)). If that burden is met, the burden then shifts to the non-movant to show the impropriety of the request. *Id.* at *7.

A party moving for a protective order must show there is "good cause . . . to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." F.R.C.P.

26(c)(1). Courts have broad discretion to decide when a protective order is appropriate and what degree of protection is required. *Chaib v. GEO Group, Inc.*, 2014 WL 4794194 (S.D. Ind. Sept. 24, 2014).

## III.
### DISCUSSION

#### A.     Waiver

Heartland argues Hanwha waived its objections by failing to properly raise them in their discovery responses. "[W]hile Hanwha has asserted various objections, Hanwha's objections do not specify why they are irrelevant, overly burdensome, too broad or too vague." [Filing No. 58 at 3.] It was not until the briefing on the motion to compel and cross motion that Hanwha raised specific arguments for *why* the respective requests were improper. [Filing No. 69 at 2.]

Hanwha predictably argues it did not waive the objections it now makes in its cross-motion and reply. [Filing No. 70 at 3-4.] It also points out that it continued to supplement some responses and production as information became available. [Filing No. 70 at 2-3.]

"Failure to timely assert objections may result in a waiver of all objections that could have been seasonably asserted."*Autotech Tech. Ltd. P'ship v. Automationdirect.com, Inc.* 396, 398 (N.D. Ill 2006); "[A] party who fails to timely respond to discovery requests waives his objections thereto." *Peterson v. Farrakham*, 2005 WL 2465254, at *2 (N.D. Ind. Oct. 5, 2005). Hanwha did not waive its objections. The discovery requests were served on June 22, 2023. [Filing No. 62 at 3.] Hanwha responded on July 23, 2023. [Filing No. 58-1 at 7.] The parties met and conferred between August 1, 2023, and August 25, 2023, during which communications Hanwha's objections were further discussed. [Filing No. 58 at 2.]

Hanwha inappropriately provided boilerplate objections to many of Heartland's discovery requests, and counsel is cautioned not to use these discovery practices again. However, Hanwha responded to the discovery requests within the 30-day period, provided objections in its disputed responses (although its objections were the general sort both state and federal courts shake their fists at), and participated in weeks of meet and confer exchanges with Heartland. Hanwha's initial responses leave much to be desired. But it did not fail to timely respond, and it appears to have communicated with Heartland about this dispute in good faith. (*See Said v. United States*, 2022 WL 4925145, *2 (S.D. Ind. Oct. 4, 2022) ("Klein's repeated failure to timely respond to discovery results in waiver.")). The Court will not find Hanwha waived its objections; instead, it will evaluate Heartland's discovery requests and Hanwha's corresponding objections on the merits.

      **B.**    **Relevancy of Heartland's Discovery Requests Regarding Hanwha's Business Activities in Indiana**

At the onset, the Court addresses the parties' underlying dispute over whether Heartland can issue extensive discovery addressing its argument that Hanwha improperly failed to register to do business in Indiana, and therefore lacks the capacity to sue in this jurisdiction.[2]

Hanwha argues it is a "foreign corporation seeking to enforce a judgment obtained in a foreign jurisdiction, as well as Defendant's breach of settlement agreement it duly executed, which resulted from debts owed to Plaintiff for goods transacted in interstate commerce." [Filing No. 62 at 7.] Hanwha argues that because Indiana's statutory exemption applies, I.C. Section 23-0.5-5-5, Heartland's "lack of capacity" defense is meritless, so the discovery it issued to support this defense

---

[2] And the discovery *is* extensive. Heartland asks much of Hanwha. But much can be asked in discovery, so long as the requests are proper under relevant law.

5

is meritless and unconnected from the lawsuit—which is about the breach of a forbearance agreement. [Filing No. 62 at 2-3.

Heartland argues that its requests meet the low bar for relevancy during the discovery phase, and that, at this stage, Hanwha "has not yet proven that it meets any of the statutory exemptions to Indiana's registration requirements." [Filing No. 68 at 3.] Heartland has filed a cross motion for declaratory judgment arguing that the exemption may not apply and the suit should be barred.

The Court understands Hanwha simply wants to collect the remaining money it is allegedly owed and be done. But it is no longer that simple. Heartland's cross-motion (along with identifying potential issues with the enforceability of the South Korean action) alleges that Hanwha lacks the capacity to sue in Indiana because it conducted business here such that it must have registered with the state to bring this lawsuit. [Filing No. 16 at 4-9]. Hanwha argues it need not have registered because an exemption applies. ("Plaintiff fits squarely within the statutory exemptions to this registration requirement." Filing No. 70 at 6). That may prove to be true, but it is an issue for the District Judge to decide at the proper time.

While Heartland's cross-motion alleges Hanwha failed to register despite "repeated business transactions . . . with Heartland in 2015 and 2016," [Filing No. 16 at 4], it is axiomatic that information regarding Hanwha's additional business activities in the state will be relevant to its declaratory judgment action (and any application of the exemption(s) to registration). ("Hanwha may continue to assert that it did not transact business in Indiana, but Hanwha may not block Heartland's good-faith investigation into the veracity of that assertion." Filing No. 58 at 5). Therefore, as a threshold issue, the Court finds that discovery as to Hanwha's business activities

6

in Indiana is relevant to Heartland's affirmative defense and cross-motion for declaratory judgment.

      **C.     Discovery Conference for Interrogatory No. 3 and Requests for Production Nos. 1-4**

The Court sets a discovery conference to hear argument on Interrogatory No. 3 and Requests for Production Nos. 1-4. Interrogatory No. 3 seeks extensive information regarding ten Hanwha-related entities. [Filing No. 58-1 at 2-3.] Requests for Production Nos. 1-4 seeks corollary documents related to these entities and documents demonstrating Hanwha's business activities in Indiana. [Filing No. 58-2 at 2-4].

Interrogatory No. 3 is dense and overly broad, and the Court will not order Hanwha to further answer it (or provide further documentation in response to the related Requests for Production 1-4) without probing the parties' positions at oral argument. Heartland should be prepared to discuss the individual merits of these requests, and Hanwha should be prepared to demonstrate their respective burdens, if any.

      **D.     Remaining Discovery Responses**

Next, there are a few instances in which Heartland has issued overly broad discovery requests, which must be updated before a response is required. However, Hanwha is reminded that it has a duty to respond to discovery requests properly and completely. If it has provided all available responsive information, or if it has no additional responsive information available, it can describe this in its response. What it cannot do is apply a "copy and paste" approach to its responses and objections, which it did. [*See* Filing No. 58-1; Filing No. 58-2.]

Moreover, before analyzing the remaining discovery requests, the Court notes there are several instances in which Hanwha argues that, after it issued its discovery answers, it provided

7

supplemental answers or documents in email exchanges with Heartland. Hanwha argues that where it already provided further information via emails, it should not have to supplement its responses in a formal discovery response. However, this sort of patchwork supplementation can confuse the record. Both the parties and the Court require a complete record of Hanwha's updated discovery responses. Hanwha should provide Heartland with supplemental discovery responses ("Supplemental Responses") for each of the disputed discovery requests. Therefore, even where additional information was already provided for a certain request, that previously provided information should be restated in the Supplemental Responses. All Supplemental Responses to the Requests for Production should include an updated "Response," containing which responsive information is being provided or has been provided, along with corresponding Bates Nos.

1.   **Interrogatories Nos. 4-8**

Interrogatories No. 4 through 8 sought additional information concerning Hanwha's business activities within the State of Indiana.[3] For each response, Hanwha objected and stated:

> **ANSWER(S):** Hanwha objects to this request and cites the Overbreadth Objection, Relevancy Objection and the Burdensome objection because this request seeks information that is not relevant to the action and is unduly burdensome. Hanwha further cites the Ambiguity Objection because this request is vague and ambiguous and is not clear what information Defendant seeks.

[Filing No. 58-1 at 3-4.]

Heartland argues Interrogatories Nos. 4-8 seek information relevant to Heartland's First Affirmative Defense, and that Hanwha improperly failed to explain why the requests were overly

---

[3] Interrogatory No. 4 requests information regarding Hanwha's involvement with a solar farm (Hanwha Q Cells) in Indianapolis. Interrogatory No. 5. is a long interrogatory seeking a description of Hanwha's investments (including investments made by subsidiaries) to Indiana business. Interrogatory No. 6 seeks a description of "all partnerships and joint ventures between Hanwha, and its subsidiaries, and any business operating in the state of Indiana." Interrogatory No. 7 seeks a description of Hanwha's Indiana-based profits and revenue streams. Interrogatory No. 8 seeks a description of Indiana-sales taxes collected by Hanwha. [*See* Filing No. 58-1 at 3-4.]

broad, irrelevant, or unduly burdensome. [Filing No. 58 at 6.] The Court agrees. Hanwha's First Affirmative Defense states Hanwha lacks capacity to sue in Indiana for failure to register to do business in the state. [Filing No. 16 at 4.] For the reasons explained in Section B., these requests are related to this affirmative defense and to the cross-motion for summary judgment. Moreover, Hanwha may not rest on boilerplate objections—if these requests *are* unduly burdensome Hanwha must demonstrate why. It has failed to do so.

Hanwha repeatedly tosses out an Ambiguity Objection ("this request is vague and ambiguous, and it is not clear what information Defendant seeks."). Here, its use of the Ambiguity Objection borders on offensive. For example, when Heartland asks Hanwha to "describe the nature and extent of Hanwha's participation in the designing, building, funding, and operation of Hanwha Q Cells solar farm in Maywood, Indianapolis, including but not limited to Hanwha's role in the financing, funding and capitalization of the solar farm," Hanwha says "it is not clear what information Defendant seeks." It is clear what information Heartland seeks.

Hanwha asserts it has already provided some limited information that is responsive and "may be relevant." **Hanwha is ordered to fully respond and issue Supplemental Responses to Interrogatories Nos. 4-8 within 14 days of this Order.** If certain information is not in its custody or control, it must state what information is missing and why it cannot be obtained.

    **2.    Interrogatory No. 9**

9. Identity of all persons with knowledge and information about the lawsuit filed against Heartland in South Korea, including but not limited to the identity of all person(s) who participated in the decision to file the lawsuit in South Korea, the identity of all person(s) who made representations to the Court in South Korea that Heartland was served with the South Korean lawsuit, the identity of all person(s) who presented evidence to the Court in South Korea that Heartland was served with the South Korean lawsuit and the identify of all person(s) who have custody and control of the documents, pleadings, motions and evidence submitted to the Court in South

> Korea. For each person identified, describe what knowledge and information he or she has.
>
> **ANSWER:** Hanwha previously provided information responsive to this Interrogatory through its Initial Disclosures dated November 22, 2022.

[Filing No. 58-1 at 4.] After the parties engaged in significant meet-and-confer efforts, Hanwha provided a supplemental response, stating:

> To further clarify our previous response to your letter, dated August 9, 2023, as to the alleged deficiency in Hanwha's response to this interrogatory, please see the document P000014 that identifies Sae Um Kim of Lee & Ko, counsel for Hanwha in Hanwha's action against Defendant before the Seoul Central District Court ("Korean Action") in response to this interrogatory. We believe that Ms. Kim's contact information is available at her law firm's website, https://www.leeko.com/leenko/main.do?lang=EN. While we are not counsel in the Korean Action, we believe that this interrogatory potentially seeks information subject to certain privileges between Hanwha and its counsel in South Korea such as the attorney-client communication and attorney-work product privileges. We recommend that Heartland seek such information directly with the counsel in South Korea.

[Filing No. 58-6 at 1.]

While Hanwha has already supplemented its answer by providing Ms. Kim's name, Heartland asks for more than the name of Hanwha's counsel in the South Korean action. Hanwha is ordered to supplement its response more thoroughly.

The Court suspects that the confidentiality issue arises from the last sentence of Interrogatory No. 9, which says "[f]or each person identified, describe what knowledge and information he or she has." [Filing No. 58-1 at 4.] This is a very broad request. Therefore, Hanwha may also answer it broadly. The Court will not require Hanwha to recite each piece of knowledge or information that the relevant individual possessed. At this stage, it must only generally state what topic or role the individual played in the lawsuit. Therefore, Hanwha is **ORDERED to issue its Supplemental Response to Interrogatory No. 9 within 14 days of this Order.**

  3.  **Interrogatories Nos. 10-12**

Heartland's Interrogatories Nos. 10 and 12 sought the following information:

10. Describe Hanwha's business relationship with Heartland and DMC, including but not limited to the structure of all deals between Hanwha, Heartland and DMC.

11. Describe Frank Ko, David Chu and Carlos Bae's role in all deals between Heartland, Hanwha, and DMC.

12. Describe Carlos Bae and Frank Ko's relationship with Hanwha and DMC, including but not limited to the reasons that Hanwha terminated and/or ended its relationship with Frank Ko and Carlos Bae.

[Filing No. 58-1 at 4-5.] Hanwha objected to all three interrogatories, stating:

**ANSWER:** Hanwha objects to this request and cites the Overbreadth Objection, Relevancy Objection and the Burdensome objection because this request seeks information that is not relevant to the action and is unduly burdensome. Hanwha further cites the Ambiguity Objection because this request is vague and ambiguous and is not clear what information Defendant seeks nor who or what Defendant is referring to by "DMC" or what is meant by "deals".

[Filing No. 58-1 at 4-5.]

The Court first agrees with Hanwha—Heartland improperly failed to define "all deals." Thus, as they currently read, Interrogatories Nos. 10 and 11 are overly broad as to "all deals." However, Hanwha has already supplemented its responses to these requests. [Filing No. 70 at 7-8.] Therefore, Hanwha is **NOT** required to provide new information but **IS** required to re-state its previously provided additional responses in the Supplemental Response.

Therefore, Hanwha is **ORDERED to issue its Supplemental Responses to Interrogatory Nos. 10-12 within 14 days of this order.**

### 4. Interrogatory No. 14

14. Describe Hanwha's knowledge of criminal charges, if any, filed against Carlos Bae and Frank Ko, including but not limited to the nature of the criminal proceedings, the sentencing imposed, the location of the proceedings, the identify of all person who have custody and control of the transcripts and records of the proceedings, and the identity of all persons, attorneys, witnesses and judges who

11

participated in, were involved in, and/or who have knowledge related to, such criminal proceedings.

**ANSWER:** Hanwha objects to this request and cites the Overbreadth Objection, Relevancy Objection and the Burdensome objection because this request seeks information that is not relevant to the action and is unduly burdensome. Hanwha further cites the Ambiguity Objection because this request is vague and ambiguous and is not clear what information Defendant seeks through this Interrogatory.

Hanwha's initial response is insufficient. Heartland is correct that "Hanwha makes no effort to explain why the interrogatory is overbroad, irrelevant, or overly burdensome." [Filing No. 58 at 10.] However, Hanwha asserts that it has now fully responded to this request. [Filing No. 70 at 8.] Hanwha is not required to further add to these responses, but it *is* required to re-state its responses in the Supplemental Response. Therefore, Hanwha is **ORDERED to re-state this additional information to Interrogatory No. 14 within 14 days of this Order.**

    5.      **Interrogatory No. 16**

**16.** Identity (sic) all person(s) who participated in the decision to sue Heartland and the efforts made by Hanwha to avoid triggering a default of Heartland's existing financing.

**ANSWER:** Hanwha objects to this request and cites the Overbreadth Objection, Relevancy Objection and the Burdensome objection because this request seeks information that is not relevant to the action and is unduly burdensome.

[Filing No. 58-1 at 6.]

Heartland asks the Court to find that Hanwha has waived its objections to Interrogatory No. 16. [Filing No. 69 at 7.] As analyzed in Section B, the Court declines to do so. Hanwha states it has provided the names "of all person(s) who participated in the decision to sue 'Heartland.'"

However, the Court agrees that Heartland should clarify its request that Hanwha identify "the efforts made by Hanwha to avoid triggering a default of Heartland's existing financing."[4]

**Within 7 days of this Order**, Heartland shall re-issue Interrogatory No. 16 to better define which information it seeks by "the efforts made by Hanwha to avoid triggering a default of Heartland's existing financing." Should it do so, Hanwha is required to make a good faith effort to respond, as the dispute to this response should not be re-litigated. Further, Hanwha is **ORDERED to re-state its response (listing the applicable names) in the Supplemental Response, within 14 days of this Order.**

      **6.**    **Interrogatory No. 20**

**20.** Please identify every civil, criminal and administrative matter wherein Hanwha was a party and include the complete caption, nature of the case, the case number, state, city, county and state where action was located and name and address of all parties and their attorneys.

**ANSWER:** Hanwha objects to this request and cites the Overbreadth Objection, Relevancy Objection and the Burdensome objection because this request seeks information that is not relevant to the action and is unduly burdensome.

The Court declines to enforce this question as written, which is not bound by a reasonable time limitation. Given the tenuous relevancy of "**every** civil, criminal and administration wherein Hanwha was a party," Hanwha shall re-issue this question and impose a reasonable time limitation. (Emphasis added). Hanwha is cautioned that the Court is unlikely to find a twenty-year lookback period is reasonable.

---

[4] "Importantly, Defendant failed to clarify what it is seeking with respect to the "efforts of [Plaintiff] to avoid triggering a default of [Defendant]'s existing financing" as Plaintiff is not a party to any of Defendant's financing arrangements. Presumably, Defendant refers to the cases before this court as the triggering events. Plaintiff may supplement its response pending some clarification from Defendant." [Filing No. 70 at 8.]

Heartland is **ORDERED to supplement Interrogatory No. 20 within 7 days of this Order.** Hanwha is **ORDERED to supplement its response within 14 days of this Order.**

7.        **Interrogatory No. 21**

**21.** State the content of any lay opinion that You are aware of or intend to elicit from any person at trial. Please indicate the name and address of the person with such opinion and the date and time said opinion was formed.

**ANSWER:** Hanwha objects to this request and cites the Overbreadth Objection, Relevancy Objection and the Burdensome objection because this request seeks information that is not relevant to the action and is unduly burdensome.

Hanwha's improper objections are revealing. Interrogatory No. 21 is a basic, appropriate, and often deployed interrogatory asking Hanwha if it has identified any lay witnesses and, if so, to state what topic they should be expected to testify to. Hanwha's objections are inappropriate and show, at best, a lack of understanding of what types of information are discoverable (and what questions are worth fighting over), and, at worst—a reflexive refusal to engage.[5]

Hanwha argues that it has provided this information through its initial disclosures. [Filing No. 21 at 10.] Hanwha is expected to draw from the relevant names listed in its disclosures. However, for the reasons previously stated, Hanwha is **ORDED to supplement its response to this question within 14 days of this Order.** However, Hanwha is **not** required to provide a response to "the date and time said opinion was formed." Heartland is entitled to much in discovery, but it is not entitled to a human timestamp of when a "lay opinion" was formed, which subjective answer is burdensome to account for and highly unlikely to be accurate.

8.        **Request for Production Nos. 5-6**

---

[5] Heartland's request for the date and time that an opinion was formed is peculiar and seems unlikely to elicit a real response. And, the Court has seen a more effectively worded "lay witness" interrogatory. But Hanwha must state its own **valid** objections—the Court cannot do it for them.

Requests for Production 5 and 6 seek documents concerning Hanwha's relationship with Indiana entities.[6] Hanwha provides the following response to each Request:

> **ANSWER:** Hanwha objects to this request and cites the Relevancy Objection and the Burdensome objection because this request seeks information that is not relevant to the action and is unduly burdensome.

Requests 5 and 6 are relevant to the cross-motion, which argues that Hanwha's unregistered business transactions within Indiana may render it ineligible to bring its lawsuit. The Court disagrees that these requests are irrelevant. Moreover, Hanwha has not made a cognizable argument based on undue burden—either in its responses or in its briefing on the Cross-Motion for Protective Order.

Hanwha must provide Supplemental Responses within **14 days** of this Order. Its request for a Protective Order to "prevent Defendant from seeking further information related to the Subject Entities" is **DENIED**.[7]

### 9.     Request for Production Nos. 13-14

---

[6] Request No. 5 seeks: [d]ocuments and electronically stored information describing Hanwha's participation in the designing, building, funding and operation of Hanwha Q Cells solar farm in Maywood, Indianapolis, including but not limited to Hanwha's role in the financing, funding and capitalization of the solar farm. [Filing No. 58-2 at 4.]

Request No. 6 seeks: [d]ocuments and electronically stored information describing investments by Hanwha, directly and indirectly through its subsidiaries, in any business operating in the state of Indiana, including but not limited to investments in green hydrogen energy, aerospace, future mobility, digital finance, chemical and energy businesses, research and development, solar energy, renewable energy solutions, hydrogen business, mechatronics, aircraft industry, collaborative robots, smart factories, global video solutions, AI technologies and algorithms, financial services, big data, blockchain, Fintech, Insurtech, digital asset management, coal-free businesses, mega building complexes and property. [Filing No. 58-2 at 4.]

[7] The Court notes that Heartland's argument against RFPs 1-6 is one of threshold relevancy. [Filing No. 70 at 4-5] It does not articulate why these requests impose an undue burden.

15

As currently written, the Court will not enforce further responses to Request for Production Nos. 13-14, beyond requiring Hanwha to formally supplement its responses with the answers provided in its 8/15/2023 letter. [Filing No. 58 at 2.]. "[D]eals" is not defined, and Heartland's requests for documents describing the structure of "all deals" between Hanwha, Heartland and DMC are ambiguous. Should Heartland choose to re-issue these Requests for Production Nos. 13-14, it is **ORDERED** to do so within **7 days** from the date of this Order. The re-issued request must properly define deals. Hanwha is then **ORDERED supplement its responses to Requests for Productions Nos. 13-14 within 14 days of this Order.**

### 10. Request for Production No. 15

15. Documents and electronically stored information describing Carlos Bae and Frank Ko's relationship with Hanwha and DMC, including but not limited to the reasons that Hanwha terminated and/or ended its relationship with Frank Ko and Carlos Bae.

**ANSWER:** Hanwha objects to this request and cites the Relevancy Objection and the Burdensome objection because this request seeks information that is not relevant to the action and is unduly burdensome. Hanwha also cited the Ambiguity Objection because this request is vague and ambiguous and it is not clear what information Heartland is seeking and it is not clear who or what Heartland is referring to by "DMC."

In its final briefing, Hanwha represents that both parties agree that Hanwha has now responded to Request No. 15. [Filing No. 60 at 7-8]. Heartland's Reply in Support argued that it had no way of knowing what Hanwha actually provided and what it is still withholding—because Hanwha did not produce any information in a supplemental response but instead in piecemeal fashion following its initial objections. [Filing No. 69 at 6.] Therefore, and consistent with the reasoning and instructions throughout this order, Hanwha is **ORDERED to provide a supplemental response to Request for Production No. 15 within 14 days of this Order**.

## IV.
### CONCLUSION

Hanwha's Cross-Motion for Protective Order, [62], is **DENIED**. Heartland's Motion to Compel Better Responses, [58], is **GRANTED in part and DENIED in part**, according to the instructions below:

- The parties are ordered to appear for a **telephonic discovery conference** on **February 20, 2024 at 2:00 p.m. (Eastern)** to discuss Interrogatory No. 3 and Requests for Production Nos. 1-4.

- Within **7 days** of this Order, Heartland is ORDERED to re-issue (and re-draft) Interrogatory No. 16, Interrogatory No. 20, and Requests for Production Nos. 13-14 according to the instructions in this Order.

- Within **14 days** of this Order, Hanwha is required to provide its Supplemental Responses to Heartland. These Supplemental Responses should re-state any additional answers/responses already provided to Heartland and should provide additional information as required by the above analysis.

Date: 2/6/2024

                                                  Mario Garcia
                                                  United States Magistrate Judge
                                                  Southern District of Indiana

Distribution via ECF to all counsel of record.